[No. 10409. Department Two. August 21, 1912.]

ROY V. NYE, *Respondent*, v. F. G. MANLEY, *Appellant*.[1]

APPEAL — REVIEW — DISCRETION — CONTINUANCE. The refusal to grant a continuance will not be reviewed except for abuse of discretion.

CONTINUANCE—ABSENCE OF PARTY—DISCRETION. It is not an abuse of discretion to refuse a continuance, asked on account of the absence of the defendant, where it appears that the defendant in an action on promissory notes was absent in Alaska several months while the case was pending; that on June 24th the case was set for trial on September 26th, and later continued to October 5th and 9th; that defendant could have been reached by telegraph or mail and

[1]Reported in 125 Pac. 1009.

advised of the date of trial in time to attend, but he failed to keep his attorney posted as to his address or how to reach him.

NEW TRIAL—GROUNDS. Where it is not an abuse of discretion to refuse a continuance on account of the absence of a party, it is not an abuse of discretion to refuse a new trial asked on the same grounds; the showing of a meritorious defense not being alone sufficient.

Appeal from a judgment of the superior court for King county, Myers, J., entered October 10, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Kerr & McCord*, for appellant.

*Hughes, McMicken, Dovell & Ramsey* and *J. B. Joujon-Roche*, for respondent.

ELLIS, J.—This action was brought to recover the amount alleged to be due upon two promissory notes, executed and delivered by the defendant to the plaintiff, and also to recover the amount alleged to be due to plaintiff upon a certain written contract between plaintiff and defendant.

The answer set up in defense lack of consideration, fraud, duress, coercion, intimidation, and other unlawful means alleged to have been used by the plaintiff to induce the execution and delivery of the notes and contract.

On June 24, 1911, the case was set for trial on September 26, 1911, before Honorable J. T. Ronald, one of the judges of the superior court for King county. At the time the case was set for trial, the defendant was in Alaska, and had not returned to Seattle on the date set for trial. Upon application of his attorney, the cause was continued to October 5, and on that day again continued to October 6, when on application supported by affidavits of his attorney the cause was further continued to October 9, 1911. At that time, the defendant still being absent, application for a further continuance was made. This was resisted by the plaintiff and was denied by the court. The defendant thereupon applied

for a change of judges, alleging disqualification on the part of Judge Ronald to try the cause on the ground of prejudice against the defendant and his attorney. The change was granted, and in the afternoon of the same day the case came on for hearing before Honorable H. A. P. Myers. The application was renewed upon the same grounds stated in the affidavits presented on the former application and an additional statement of counsel. Further continuance was denied. The cause was tried to a jury, the defendant introduced no evidence, and the court directed a verdict for plaintiff. The defendant moved for a new trial. The motion was overruled and judgment was entered upon the verdict. The defendant has appealed.

Appellant's first contention is that the trial court abused its discretion in declining to grant a continuance when the case was finally called for trial.

The first affidavit for continuance made by the appellant's attorney stated, in substance, that in May or June, 1911, he was employed by defendant as his attorney; that he entered into negotiations with the plaintiff looking to a settlement of the case; that the plaintiff offered to accept a specific sum in settlement provided the money was paid immediately, to which the defendant agreed, but there was unavoidable delay in making the payment; that the defendant was then at Iditarod, Alaska, and it was difficult to communicate with him; that the affiant shortly thereafter went east and returned some time in July, and in August he was advised that the authority to settle and arrange for payment of money in settlement had been delayed through no fault of the defendant; that it developed that settlement could not be made; that the affiant immediately attempted to communicate with the defendant, but was unable to reach him by letter or by wire; that the affiant was informed by the defendant's brother-in-law that the defendant would reach Seattle between the 5th and 15th of October, 1911; that so far as affiant was advised, the appellant did not know of the setting of the

case for trial, and that he was the most important witness for the defense.

In a second affidavit, the attorney stated that, during the latter part of August, 1911, he was for the first time advised that the case had been set for trial; that he immediately advised respondent's then attorneys, Wardall & Wardall, that it would be impossible for appellant to try the case at that time, and he would be compelled to move for a continuance; that he asked respondent's attorneys to ascertain whether their client would then accept in settlement the sum which he had agreed to accept in June, and if not, whether the case could be continued to the latter part of October; that affiant was advised a day or two later that the respondent would not accept the offered settlement and that respondent's attorneys stated that they would telegraph respondent and ascertain whether he would agree to the continuance; that affiant received no further information till a short time before the case was set for hearing. The affidavit then again set forth the importance of appellant's presence at the trial and stated that the affiant did not then know his address in Alaska or where he could be reached by letter or telegram but had been advised by the appellant when he left Seattle in May that he would return in October, 1911, and affiant had then told him he thought the case would not be reached for trial till the latter part of October.

The respondent in his affidavit contesting the continuance, among other things, stated:

"I had some negotiation with Mr. E. S. McCord, one of the attorneys for the defendant, looking to a settlement of said cause. The said E. S. McCord was advised by me that I would accept a certain sum in settlement of said cause, provided said sum was paid not later than June 3rd; said sum was not paid at that time, and I then abandoned my negotiations and the said E. S. McCord well knew upon that date that all negotiations looking to a settlement were terminated; the next day, and on June 4th, 1911, I accepted the position of Assistant United States Attorney for the First Division

of Alaska, and shortly afterward proceeded to Ketchikan, Alaska, where I am now stationed in the discharge of my duties as such officer. Shortly after accepting said position I arranged for a leave of absence to enable me to come to Seattle to attend to the trial of said cause and to prepare for the same, upon the date said cause was set as aforesaid, and I secured from the Department at Washington, D. C., and my superior officer a leave of absence which entitles me to remain at Seattle for the trial of said cause for about ten days beginning September 21st and no longer, as I am at present advised. I further state that since the said 3rd day of June, 1911, there have been no negotiations for settlement and no negotiations at all between the said defendant, or any one on his behalf and myself, or any one upon my behalf, and during all of said time, the said defendant, or his representatives, have been advised that all negotiations were abandoned and that said cause was to be tried upon the day it has been set, or as soon thereafter as it could be reached; I further state, as a matter within my own knowledge, that there is and has been during all the time since June 3, 1911, telegraphic and mail communication between the city of Seattle and Iditarod, Alaska; that during all of said time, the said defendant F. G. Manley, has been at or within ten miles of Iditarod, Alaska, at which point he might have been communicated with at any time."

One of the respondent's attorneys also made an affidavit as follows:

"That he is one of the attorneys for the plaintiff in the above entitled action; that on the 8th day of August, 1911, Mr. McCord, of counsel for the defendant, called affiant up by telephone and offered Eight Thousand Dollars ($8,000) cash to settle the case and also stated that Manley at that time would not attend trial; that on the said 8th day of August, 1911, affiant communicated with plaintiff for the purpose of ascertaining whether the plaintiff would accept said offer; that plaintiff and affiant exchanged telegraphic messages with each other as to offer of settlement; that plaintiff notified affiant that he would not accept the said offer and that plaintiff expected the cause to be tried upon the day named as the day of trial and upon receiving said information from plaintiff affiant on the 9th day of August, 1911, quoted plaintiff's telegraphic reply refusing the said offer to

Mr. McCord and then and there notified him to telegraph if necessary to Manley in order to get him out here in time for trial on, to wit: September 26th, informing him that the cause had already been delayed too long and that Mr. Nye would be here on the date set for trial; that Mr. McCord thereupon replied that he would make every effort to get Mr. Manley here for trial but feared that said Manley would be unable to reach here before the first of October."

It is the settled law of this state that the granting of a continuance is a matter resting within the sound discretion of the trial court, and that its refusal to grant a continuance will not be reviewed except for abuse of that discretion. *Juch v. Hanna*, 11 Wash. 676, 40 Pac. 341; *Warehime v. Schweitzer*, 51 Wash. 299, 98 Pac. 747.

"A stronger case for a continuance on account of the absence of a witness must be made, if that witness is a party to the action than would be required were he a third person, unless the case presents some peculiar feature from which some material injustice to the party's rights would result in case of trial without postponement. It is the duty of a party to be present at the trial of his own cause, and his absence will as a general rule be considered as his own peril. Especially is it proper to refuse a request for a continuance where it is not known where the party is or the cause of his absence, where the evidence proposed to be given could not affect the result of the trial, or where he has been guilty of gross negligence." 9 Cyc. 113-114.

Under all of the facts and circumstances appearing in the affidavits presented in behalf of both parties, we cannot say that there was an abuse of discretion in the refusal of a continuance when the case finally came on for trial. While the affidavits of the appellant's attorney may be held sufficient to exonerate the attorney from blame, they are not sufficient to excuse the appellant himself. The case was an important one involving a large sum of money. In his own interest he should have kept his attorney continually and particularly advised of his whereabouts, so that he could be reached by letter or by telegram within a reasonable time. The circumstantial affida-

vit of the respondent stated that, during all the time from
June 3d, 1911, till the trial, there was telegraphic and mail
communication between Seattle and Iditarod, Alaska; that
during all of that time the appellant was at or within ten miles
of the latter place.   This is not controverted.  From the affi-
davit of the respondent's attorney, it appeared that on
August 9, 1911, counsel for the appellant was advised that
the plaintiff had refused the offer of settlement for $8,000.
The cause was not finally tried until October 9th.  Had the
appellant observed reasonable diligence in his own interest
and kept in touch with his attorney, he could have been
advised of the date of trial in time to attend.   It is true that
in many respects the affidavits presented in behalf of the
parties respectively were contradictory, but those of the re-
spondent and his attorney were the more circumstantial and
exact.   Moreover, the appellant must have known that the
case had not been settled by reason of the fact that he was
not advised of the payment of the money.   From a careful
consideration of the whole record, we cannot say that the trial
court was not justified in refusing the continuance.

It is next urged that a new trial should have been granted.
It is manifest that, if there was no abuse of discretion in re-
fusing the continuance, there was none in refusing a new trial.
The affidavits in support of the motion for new trial, in ad-
dition to the things set out in the affidavits for the con-
tinuance, merely detailed the evidence which the appellant and
his witnesses claim would have been adduced had the con-
tinuance been granted.   It is argued that they show a
meritorious defense.   Under the circumstances, this is not suf-
ficient ground for a new trial.   It is not the law that by
showing a meritorious defense or cause of action which, by
the exercise of reasonable diligence, might have been presented
at the trial, the failure to exercise that diligence and present
the evidence at the trial may be overcome.   Such a situation
certainly presents no stronger reason for a new trial than the
claim of newly discovered evidence which the trial court has

found could have been discovered and produced at the trial by the exercise of reasonable diligence.

The judgment is affirmed.

FULLERTON, MORRIS, and MOUNT, JJ., concur.