[No. 12539.   Department One.   August 16, 1915.]

OMAR J. HUMPHREY, *Appellant*, v. MUTUAL LIFE INSURANCE
COMPANY, OF NEW YORK, *et al.*, *Respondents*.[1]

APPEAL—REVIEW—DISCRETION. The refusal of a continuance on
the ground of the absence of the plaintiff will not be disturbed ex-
cept for abuse of discretion.

CONTINUANCE—ABSENCE OF PARTY — GROUNDS — SUFFICIENCY.   A
continuance on account of the absence of the plaintiff is properly
denied where the plaintiff knew the date when the case was set for
trial, and went to Alaska without notifying his counsel, and there
was no showing of the necessity of his going or when he would
return.

INSURANCE—ASSIGNMENT OF POLICY—DELIVERY. There is a valid
and complete assignment and delivery of a life insurance policy by
a husband to his wife, where the assignment was executed in dupli-
cate and one copy attached to the policy and placed in safety de-
posit boxes to which the wife had access and the other copy sent to
the insurance company, where it was received and filed.

INSURANCE—INSURABLE INTEREST OF WIFE — DIVORCE. Where a
wife had an insurable interest at the time her husband assigned to
her a policy of insurance upon his life, the existence of an insurable
interest at the maturity of the policy is unnecessary, and her interest
in the policy does not expire upon the procurement of a divorce.

INSURANCE—ASSIGNMENT OF POLICY—CONSTRUCTION. Upon an as-
signment of his life insurance policy by a husband "to his wife, if
living, and if not to my estate," the wife cannot, without the hus-
band's consent, surrender the policy and receive the cash surrender
value.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 9, 1914, upon findings in
favor of the defendants, in an action upon an insurance
policy, tried to the court.   Modified.

*J. L. Finch* and *Brightman, Halverstadt, Tennant &
Clarke*, for appellant.

*Marion A. Butler* (*George S. Cole*, of counsel), for re-
spondents.

[1]Reported in 151 Pac. 100.

MOUNT, J.—This action was brought to secure a decree adjudging that the defendant Ida May Zeile had no right to, or interest in, a policy of insurance issued by the Mutual Life Insurance Company of New York upon the life of the plaintiff. Upon a trial of the case, the court made findings of fact and entered a judgment to the effect that the defendant Ida May Zeile was entitled to the policy, and to the cash surrender value thereof. The plaintiff has appealed from that decree.

The facts are as follows: In December, 1897, the defendant insurance company issued its policy of insurance on the life of the appellant for the sum of $10,000, being policy No. 873,279. This policy was payable to the executors, administrators, or assigns of the appellant. In November, 1901, the appellant and Ida May Zeile were married. On November 20, 1902, the appellant executed a written assignment of the policy to his wife, as follows:

"For one dollar to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer and set over to Ida May Humphrey (my wife), if living, and if not to my estate, whose P. O. Address is San Francisco, Cala., all my right, title and interest in this policy, No. 873,279, issued by The Mutual Life Insurance Company of New York, and for the consideration above expressed, I do also for myself, my executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, her executors, administrators and assigns, and their title to the said policy will forever warrant and defend.

"Dated at San Francisco, this 20th day of Nov., 1902.
"In the presence of          Omar J. Humphrey.
          "H. K. H. Mitchell."

This assignment was made in duplicate. One copy was attached to the policy, and the other copy was forwarded to the insurance company, and was received and filed by that company as a transfer of the insurance. The appellant informed his wife of this assignment. The policy, together

22—86 WASH.

with the assignment, was placed in a safety deposit vault box of the California Title & Trust Company, in the city of San Francisco. The appellant directed the title and trust company to allow his wife to enter the safety deposit vault box whenever she might desire. Afterwards the appellant and the respondent, being then husband and wife, rented a safety deposit vault box in the Mercantile Trust Company, to which box they each had a key and free access thereto. The policy of insurance was placed in this box. Thereafter the appellant and the respondent lived together as husband and wife until about February, 1905. Some time prior to this date, the appellant had come to Seattle, Washington. His wife remained in San Francisco. Thereafter the appellant's wife brought an action for a divorce in the superior court for King county. While the divorce case was pending, the appellant went to San Francisco and took the insurance policy from the safety deposit box, and has retained possession thereof ever since. In November, 1905, the respondent was granted a divorce from the appellant. It appears that their property affairs had been settled prior to the entry of the decree, and the appellant had paid to his wife $5,000 in money. At the time of the settlement, no mention was made of the insurance policy. In the decree of divorce, no mention was made of the insurance policy. About a year later, requests were made by the appellant to his wife to reassign the policy of insurance to him. This she refused to do. Whereupon the appellant defaulted in his premiums, and the policy, according to its terms, was by the company converted into a paid up policy for the sum of $4,500, with a cash surrender value, on the 13th day of November, 1913, of $1,977. Afterwards this action was brought. The insurance company appeared in the action and entered into a stipulation with the parties to the effect that it would abide by the decree of the court and recognize the contract in favor of the party adjudged entitled thereto. After the cause was at issue, it was regularly set down for trial, but the record does not show at whose in-

stance. The date of the trial was fixed for the 29th day of May, 1914.

The appellant and his counsel knew the date fixed for the trial. Afterwards the appellant went to Alaska without informing his counsel that he was going away. A few days prior to the date fixed for the trial, his counsel moved the court for a continuance until the 3d day of June, upon the ground that the appellant had gone to Alaska and would not return before that date. It appears from the statement of counsel that the respondent had come from San Francisco, California, to attend the trial, and was in Seattle for that purpose. The trial court denied the motion for a continuance. The case proceeded to trial without the presence of the appellant.

The appellant makes two contentions upon this appeal: First, that the court erred in not granting a continuance, and second, in finding that the respondent was the owner of the insurance policy in question.

It is argued upon the first contention that the court abused its discretion in not granting the continuance. This court has uniformly held that the granting of a continuance is a matter resting within the sound discretion of the trial court, and the refusal to grant a continuance will not be reviewed except for an abuse of that discretion. *Nye v. Manley*, 69 Wash. 631, 125 Pac. 1009. As we have seen above, the action was begun by the appellant. He knew the date when the case was to be tried. With knowledge of this fact, he absented himself from this state and went to Alaska. Upon the showing made for a continuance, there is nothing to indicate the necessity for his going to Alaska, or when he would return, or that he was not negligent in being away at the time the case was to be tried. The respondent had come from San Francisco to Seattle to be present at the trial. Under these circumstances, we think it was not an abuse of discretion for the trial court to refuse the continuance.

The appellant argues upon the second question that the court erred in holding that the assigned policy was delivered to the respondent. *Weaver v. Weaver*, 182 Ill. 287, 55 N. E. 338, 74 Am. St. 173, is cited to support the position that there was no delivery of the assignment. The appellant, after executing a formal assignment to his wife for the express consideration of $1, and other considerations, sent one copy of the assignment to the insurance company, where it was received and filed. He also placed the insurance policy, with the assignment thereof, in the safety deposit vault box to which his wife had access. Afterwards the policy was placed in another box, to which the appellant and his wife both had keys, and both had access. We think this was as much of a delivery as though the appellant had placed the policy in her hands. It was under her control, and in fact in her possession. It was, we think, a valid and complete assignment and delivery of the policy of insurance. In the case of *Weaver v. Weaver*, there had been an assignment of the policy, but the assignor had kept the policy in his own possession. There had been no delivery, except a statement to the effect that the assignment would be delivered, or would be held by the assignor for delivery. This case is further distinguishable from the *Weaver* case by the fact that the assignment here was for an express consideration of one dollar, and other valuable considerations, while in the *Weaver* case the policy was assigned apparently without consideration; at any rate without the assignment acknowledging such consideration. Upon both these grounds, we think this case is distinguishable from the *Weaver* case.

The appellant further argues that the insurable interest of the respondent, if she had such an interest, expired upon the date of the decree of divorce. Mr. Cooley in his briefs on the law of insurance, vol. 1, p. 311, says:

"The rule, stated in general terms, may then be said to be that if the policy is valid at its inception, because based on an adequate insurable interest, the existence of such an in-

terest at the maturity of the policy is unnecessary.   While it has not been approved by all American courts, it has been indorsed by a large majority of them."

And in the same volume, at page 312, he says:

"The leading case, however, is *Connecticut Mut. Life Ins. Co. v. Schaefer*, 94 U. S. 457, 24 L. Ed. 251, where the policy was issued on the joint lives of husband and wife, payable to the survivor on the death of either.   It was contended that there had been an entire termination of the insurable interest of the wife by reason of a divorce, and that she could not recover on the death of the husband.   The court, however, while admitting that if, at the inception of the policy, there had been a mere colorable or temporary interest, the termination of such an interest would bar a recovery, applies the general rule that a policy valid at its inception is not terminated by a cessation of interest, in the absence of a provision to that effect in the policy itself, and held that the right of the wife was not terminated by the divorce."

And in vol. 4, at page 3736:

"A married woman named as beneficiary in an ordinary life insurance policy on the life of her husband is entitled to the proceeds, notwithstanding that she has obtained a divorce before insured's death."

We are satisfied that this is the correct rule, and that the respondent, at the time the policy was assigned to her, had an insurable interest, and that such insurable interest continues.

The appellant also argues that, by the terms of the assignment, the respondent is not entitled to surrender the policy and receive the cash surrender value.   It was conceded by counsel at the argument in this court that this position is correct under the wording of the assignment, and that the decree may be modified to that extent.

For the reasons stated, the judgment decreeing the respondent to be the beneficiary according to the assignment, is affirmed; but the decree of the lower court is modified so that the respondent shall not, without the appellant's consent,

surrender the policy to the insurance company at its cash surrender value. Costs are awarded in favor of the respondents.

Morris, C. J., Main, Holcomb, and Fullerton, JJ., concur.