[No. 17269.   Department One.   July 6, 1922.]

NATHAN M. PRESTON et al., Respondents, v. CALIFORNIA MEDICAL MISSIONARY & BENEVOLENT ASSOCIATION et al., Appellants.[1]

APPEAL (262)—STATEMENT OF FACTS—NECESSITY. In the absence of a statement of facts, the refusal to make findings cannot be reviewed.

PLEADING (158)—MOTIONS—REPLY—MAKING MORE DEFINITE AND CERTAIN. In an action to quiet title, in which the reply showed that purchase money paid to an escrow holder belonged to the plaintiff, the reply need not be made more definite and certain so as to state what part of the purchase price was paid to him; nor to state whether instructions to the escrow holder were in writing and to set forth a copy, such matters being more properly furnished in a bill of particulars, and largely in the discretion of the court.

CONTINUANCE (13)—GROUNDS—ABSENCE OF WITNESS—AFFIDAVITS. A motion for a continuance is properly denied where the affidavit fails to state the materiality of the evidence to be produced or that diligence had been used or what the absent witness would testify to.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 23, 1921, upon findings in favor of the plaintiffs, in an action to quiet title, tried to the court.   Affirmed.

P. L. Pendleton, for appellants.

B. A. Crowl, for respondents.

TOLMAN, J. — Respondents, as plaintiffs below, brought this action to quiet title to certain real property in the city of Tacoma.  Appellant was made defendant and filed a cross-complaint, alleging that it was the owner of the property in question, attacking the good faith of the foreclosure proceeding hereinafter mentioned, and praying that its title thereto be quieted.

[1]Reported in 207 Pac. 1053.

The facts, as gathered from the record, appear to be substantially as follows: One Irene LePage, or Irene Anderson, as she seems to have been sometimes called, was the owner of this property, subject to a mortgage in the sum of $950, and interest, running to one Arthur Boucher. While the title was in this condition, appellant recovered a judgment in the superior court for Pierce county against Irene Anderson in the sum of $270.70 and costs, caused execution to be issued thereon, levied upon the property in question, and on April 15, 1916, the property was sold by the sheriff under such execution, and bid in by the appellant for the full amount of its judgment. A certificate of sale was issued to it in the usual form, and thereafter, on January 2, 1920, a sheriff's deed in the usual form was duly issued, which was recorded on June 10, 1920. In the meantime Arthur Boucher, the holder of the mortgage, brought action to foreclose the same, in which action appellant and Irene Anderson were duly and properly made parties defendant, which resulted in a judgment of foreclosure rendered on the 29th day of January, 1917. Thereafter the property was duly sold by the sheriff in that proceeding, Boucher becoming the purchaser at such sale for the full amount due under the decree of foreclosure in his favor, and the sheriff's deed was duly issued to him bearing date May 18, 1918, and acknowledged May 20, 1918, which was thereafter duly recorded.

On May 13, 1918, Irene LePage executed and acknowledged a contract for the sale of the lots in question to the respondents, the purchase price being therein fixed at $2,575, of which the receipt of $600 was acknowledged, the remainder to be paid at the rate of $20 per month, with interest. On the same day, and as a part of the same transaction, Arthur Boucher executed a warranty deed covering the prop-

erty, in which respondents were named as grantees, and according to the allegations of their reply, the $600 cash payment mentioned in the LePage contract was at that time paid to Boucher, and on the same day his deed was placed in escrow in the Scandinavian-American Bank, with instructions from him to the bank to collect the deferred payments, and upon the full payment to deliver the deed to the grantees. It is further alleged that final payment was made on the 15th day of October, 1920, to the bank, and the deed was thereupon delivered to respondents.

From a decree awarding the respondents the relief prayed for, appellant brings the case here by appeal, alleging as error the refusal of the court to entertain their motion directed to respondent's reply in certain features, the refusal to make findings of fact as proposed by it, and the denial of its application for a continuance. As no statement of facts is brought here, we cannot review the court's refusal to make findings as proposed by appellant, and the other matters do not require extended discussion.

The reply, as we have seen, by way of explanation and denial of the allegations of appellant to the effect that Irene Anderson, or LePage, profited by the sale from Boucher to respondents, sets forth the facts showing the receipt of the cash payment by Boucher, and the placing of his deed in escrow to be delivered only on the payment of the balance of the purchase price; and since it was his deed, delivered in escrow by him, the allegation, properly construed, can mean only that the purchase price so paid was his money and was required to be, and was, paid to him by the escrow holder. This being true, the court did not err in not requiring the reply to be made more definite and certain so as to state what part of the purchase

price of $2,575 was paid to Boucher and what part was paid to Irene Anderson.

Nor can we say that the court erred in denying appellant's motion to require the reply to be made definite and certain as to whether the instructions from Boucher to the escrow holder were in writing, and if so, to set forth a copy. This is a matter largely within the discretion of the trial court, and the information desired would be more properly furnished by a bill of particulars than by pleading the evidentiary facts. No bill of particulars was demanded. In any event, evidence as to the fact might readily be produced upon the trial by the proper service of a subpoena *duces tecum*, and for aught the record shows was so produced.

The motion for a continuance was based upon an affidavit by appellant's attorney which fails to state facts such as are required by the statute, Rem. Comp. Statutes, § 322, in that the affidavit wholly fails to show the materiality of the evidence expected to be obtained; that due diligence had been used to procure it, or what the absent witness would have testified to if present.

Finding no error, the judgment appealed from is affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.