[No. 22408.  Department Two.  February 13, 1931.]

ED THORNTHWAITE, *Respondent*, v. GREATER SEATTLE
REALTY AND IMPROVEMENT COMPANY *et al.,*
*Appellants.*[1]

*Mildred A. Milliken* and *John G. Matthews, Jr.,* for appellants.

*W. H. Pemberton* and *R. D. Robinson,* for respondent.

MILLARD, J.—The defendants appealed from a decree rescinding a contract for the exchange of certain real estate in Seattle, Washington, and Riverside,

[1]Reported in 295 Pac. 933.

California, on the ground of fraudulent misrepresentations, and from an alternative judgment awarding plaintiff damages against the defendants. Only the appeal of M. A. Milliken will be considered, the respondent's motion to dismiss the appeal of the other appellants having been granted March 14, 1930.

The refusal to grant a continuance is the first error assigned.

On May 22, 1929, the date that the cause was set for trial, counsel filed a motion for continuance to June 10th. That motion was supported by counsel's affidavit that appellant was sick and unable to be present; that her counsel had received a letter from W. H. Warner, M. D., White Salmon, Washington, which letter, dated May 20th, reads as follows:

"After an examination of Miss Mildred A. Milliken it is my judgment that she will be unable physically to be in Seattle on the 22d inst."

The physician did not make an affidavit, nor did the appellant, that she was unable to be present on the date the cause was set for trial. The affidavit of appellant's counsel fails to state facts showing the materiality of the evidence expected to be obtained, that due diligence had been used to procure it, or to what the absent witness would have testified if present, therefore, the affidavit was insufficient. *Preston v. California Medical Missionary & Benevolent Ass'n.,* 120 Wash. 591, 207 Pac. 1053.

"A motion to continue a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, and also the name and residence of the witness or witnesses. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party admit that such evidence would be given, and that it

be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be continued. The court, upon its allowance of the motion, may impose terms or conditions upon the moving party." Rem. Comp. Stat., § 322.

The affidavit for the continuance because of the sickness of appellant, who, it is claimed, was a material witness, shows nothing more than that the affiant was told by some one that appellant was sick and could not be present. Such an affidavit is not sufficient. *McClellan v. Gaston*, 18 Wash. 472, 51 Pac. 1062.

Where the witness is a party to the action, a stronger showing must be made for a continuance than where the witness is not a party.

" 'A stronger case for a continuance on account of the absence of a witness must be made, if that witness is a party to the action than would be required were he a third person, . . . It is the duty of a party to be present at the trial of his own cause, and his absence will as a general rule be considered as his own peril. . . .' 9 Cyc. 113-114." *Nye v. Manley*, 69 Wash. 631, 125 Pac. 1009.

■ It is next contended that the court erred in refusing to reopen the case or grant a new trial.

On the Saturday following the trial, the appellant moved that the case be reopened for the purpose of permitting her to introduce testimony. The respondent had returned to California. The trial judge authorized the reopening of the case, provided appellant and all of the other defendants, within two weeks, placed the title to the property in California in the registry of the court to abide the decision of the cause, and pay the expenses of the respondent from California back to Seattle. The appellant and her co-defendants refused to do this. Thereupon, the court denied the motion to reopen, and subsequently denied the motion for a new trial.

The motion for reopening the cause and the motion for a new trial were largely based upon the alleged abuse of discretion of the trial court in refusing to grant a continuance. There was no abuse of discretion in refusing the continuance; neither was there an abuse of discretion in refusing to reopen the cause or to grant a new trial.

"Where it is not an abuse of discretion to refuse a continuance on account of the absence of a party, it is not an abuse of discretion to refuse a new trial asked on the same grounds; . . ." (Syllabus) *Nye v. Manley*, 69 Wash. 631, 125 Pac. 1009.

Appellant next insists that the evidence does not warrant a personal judgment against her.

That question can not be determined without reference to the evidence, which can not be considered as properly a part of the record of the cause, inasmuch as the statement of facts must be stricken because not timely filed. (Rule VII, adopted January 14, 1927, 140 Wash. xxxix; Rem. 1927 Sup., § 308-7.) The order denying the motion for a new trial was entered November 5, 1929. On February 15, 1930, one hundred and two days subsequent to the entry of the order, the statement of facts was served and filed. The filing of the statement of facts within ninety days from the entry of the judgment or order from which an appeal is taken, is jurisdictional. *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855.

The judgment is affirmed.

FULLERTON, MITCHELL, BEALS, and MAIN, JJ., concur.