[No. 18363. Department Two. July 16, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v.
VIVIAN LOVETTE HARDER, *Appellant.*[1]

APPEAL (288)—RECORD—STATEMENT OF FACTS—EXTENSION OF TIME FOR FILING. The supreme court cannot consider a statement of facts in a criminal case, filed and certified after expiration of the time provided by law, notwithstanding the omission was due to the neglect of the accused's counsel who died after expiration of the time and new counsel promptly had the statement filed and certified thereafter.

SAME (280)—RECORD—INSTRUCTIONS. In the absence of a statement of facts, the supreme court cannot review alleged errors in the instructions or refusal to give instructions.

SAME (269)—RECORD—STATEMENT OF FACTS—EVIDENCE ON MOTION FOR NEW TRIAL. In the absence of a statement of facts, the supreme court cannot consider an affidavit in support of a motion for a new trial.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered October 30, 1922, upon a trial and conviction of murder. Affirmed.

*E. W. Farmer,* for appellant.

*Ray R. Greenwood,* for respondent.

MITCHELL, J.—Vivian Lovette Harder, defendant, was prosecuted upon an information and found guilty by a jury of the crime of murder in the second degree. A motion for a new trial was denied, and she has appealed from a sentence and judgment pronounced and entered on October 30, 1922.

The errors assigned relate to certain instructions given and the refusal of the court to give requested instructions, to which proper written exceptions were taken and filed; and to the denial of the motion for a new trial upon a specified ground supported by the affidavit of the appellant.

[1]Reported in 227 Pac. 501.

It appears that the attorney who represented the appellant at the trial, and upon whom she relied in the prosecution of her appeal, wholly neglected, without any apparent excuse, for more than seven months to have prepared any statement of facts or bill of exceptions in the case. After the expiration of that time, the attorney who had represented her died, whereupon she employed her present attorney, who promptly had prepared and filed a statement of facts on February 16, 1924, which was certified by the trial judge on March 10, 1924. Under the statute and the uniform holdings of this court, we are powerless to consider any of the assignments upon the merits, notwithstanding the earnest and laudable insistence of counsel for the appellant.

In the case of *State ex rel. Soudas v. Brinker,* 128 Wash. 319, 222 Pac. 615, speaking upon this subject after referring to the statute, we cited *State v. White,* 40 Wash. 428, 82 Pac. 743, wherein it was said:

"The right of appeal in such cases is no doubt guaranteed by the constitution, but the procedure on appeal is entirely statutory, and this court is powerless to grant relief against a failure to comply with the mandatory requirements of the statutes governing appeals. Two of these mandatory requirements are, that an appeal from a final judgment must be taken within ninety days from the date of rendition, and that the time for filing and serving a proposed statement of facts or bill of exceptions cannot be extended beyond ninety days from the entry of the judgment or order appealed from."

And also cited the case of *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017, wherein it was said:

"Under the holdings of this court the filing of the statement of facts or bill of exceptions within the statutory time is jurisdictional and, after this time has expired, the court cannot extend the time and permit a statement of facts or bill of exceptions to be filed."

And continuing we said in the *Soudas* case,

"Under these authorities, proposed statement of. facts filed more than ninety days after the time of appeal begins to run is wholly unauthorized and is a nullity."

Such must be the holding in this case, notwithstanding the stipulation of counsel and certification by the court, because of the jurisdictional and mandatory requirements of the statute, and in the absence of a proper and legal statement of facts or bill of exceptions we cannot review alleged errors in the instructions or the refusal to give requested instructions. Nor can we consider the affidavit in support of the motion for a new trial, there being no statement of facts properly before us. *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691, and cases cited.

Judgment affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.