[No. 20265. Department One. February 18, 1927.]

ALICE HUSTON, *Respondent*, v. VIRGINIA MURRELL, *Appellant*, J. P. VAN DYKE *et al., Defendants.*[1]

[1] APPEAL (287)—RECORD—STATEMENT OF FACTS—TIME FOR FILING. A statement of facts not filed or served within thirty days, with no extension of time within ninety days, as required by Rem. Comp. Stat., § 393, will be struck out on motion.

[2] APPEAL (276, 301)—RECORD—STATEMENT OF FACTS—NECESSITY TO REVIEW RULINGS AT TRIAL—DEMURRER. In the absence of a statement of facts, the court cannot review alleged error in overruling a demurrer to the answer, where there is nothing to show that the ruling was not changed or opportunity given to present the defense.

Appeal from a judgment of the superior court for King county, French, J., entered April 14, 1926, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

[1]Reported in 253 Pac. 451.

*Clarence R. Anderson,* for appellant.

*C. A. Holtz* (*Robert D. Hamlin,* of counsel), for respondent.

MAIN, J.—This action is based upon a promissory note. The trial court made findings of fact and conclusions of law sustaining a recovery. Judgment was entered in favor of the plaintiff for the sum of $1,575, together with interest, costs and attorney's fee, from which the defendant Virginia Murrell appeals.

The respondent opens her brief with a motion to strike the statement of facts, which must be sustained. The time within which to file the statement of facts began to run on May 27, 1926. The statement of facts was filed July 26, 1926. At no time was there a stipulation extending the time and the motion for extension was not made until September 20, 1926. On October 6, 1926, an order extending the time for filing the statement of facts was entered. It appears that the statement of facts was not filed within the thirty days, that no stipulation for extension was signed, and that the motion for the extension was made and passed upon after ninety days had expired. Rem. Comp. Stat., § 393 [P. C. § 7821] provides that a proposed bill of exceptions or statement of facts must be filed within thirty days after the time begins to run within which an appeal may be taken and provides that the time may be enlarged, but for not more than sixty additional days in all, by stipulation of the parties or by order of the court upon good cause shown. In *Martin v. Nichols,* 110 Wash. 451, 188 Pac. 519, it was held that a statement of facts not filed within thirty days after the time in which to take an appeal began to run, where there had been no extension of the time, should be stricken. The previous holdings of this court upon the question are there cited and need not be here re-

peated. In the present case, as above stated, the statement of facts was not filed within thirty days, the motion for extension was not made until after the expiration of the additional sixty days, and the order of the court was entered thereafter. In *Crowley v. McDonough,* 30 Wash. 57, 70 Pac. 261, it was held that an application for an extension of time within which to file a statement of facts must not only be filed but acted upon by the court within the sixty days next following the thirty days after the right of appeal accrues. It was there said:

"Under the statute, it seems clear that an application for an extension of time within which to file a bill of exceptions or statement of facts must not only be filed, but acted on by the court, within the sixty days next following the thirty days after the right to appeal accrues. Certainly, the superior court has no power, after the expiration of the time limited by statute for the filing of a statement of facts, to order the filing of such statement as of a previous date, in a case like this, where the application for further time was not considered by the court during the time prescribed by law for such filing."

[2] The statement of facts being stricken, the only question that remains is whether the findings of fact support the judgment and of this there can be no question. In fact, it does not appear to be contended that, if the findings alone are to be considered, the judgment entered was not proper. It is argued, however, that the appellant has the right to have the ruling of the court sustaining a demurrer to her affirmative defense considered. There being no statement of facts we have no way of knowing but that subsequently the ruling of the court was changed and that the appellant was given full opportunity to present her theory of the case. There is a presumption in favor of the correctness of the judgment, and the record

must show affirmatively some prejudicial error before it can be set aside.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.