[No. 20629.   Department One.   September 7, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Crooker Perry et al., Plaintiffs,* v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al., Respondents.*[1]

[1] EMINENT DOMAIN (106)—PROCEEDINGS TO TAKE PROPERTY—DEFENSES AND OBJECTIONS. A public service corporation's right to condemnation of lands, overflowed in creating a reservoir for storage of water for manufacturing electric energy for a public use, is not affected by its acceptance of a license granted by the Federal government, providing that it shall replace any existing pier, dock or landing facility "unless the owner . . . shall have been otherwise compensated for any damages;" since it elects to compensate the owner under the provisions of the constitution.

Certiorari to review an order of the superior court for Chelan county, Parr, J., entered April 26, 1927, adjudging a public use and necessity in condemnation proceedings, after a trial to the court. Affirmed.

*O. P. Barrows* and *John W. Hanna,* for relators.

*Post & Russell, Charles S. Albert,* and *Edwin C. Matthias,* for respondents.

[1]Reported in 259 Pac. 382.

PER CURIAM.—This is a companion case to *State ex rel. Woodruff v. Superior Court, ante,* p. 129, 259 Pac. 379. All of the evidence introduced in the above cases was by the court considered in this case. The findings of fact, except in the necessary property descriptions, were identical.

[1] The only additional question in this case is, does the acceptance by petitioners of the Federal Power Commission license affect the right to condemn a private commercial dock which will be covered by water a considerable portion of the year by reason of the proposed change, and thus rendered useless?

Article VI of the license granted by the Federal Power Commission reads as follows:

"In the interest of navigation, the licensee shall mark or buoy all rocks to be submerged which, in the judgment of the commission, would be hazardous to boats navigating the waters of Chelan Lake, and shall reconstruct or replace any existing pier, dock or other landing facility as may be necessary to permit its use at all stages of said lake, unless the owner of such pier, dock or other landing facility shall have been otherwise compensated for any damages done thereto by the alteration of the levels of said lake under the provisions of this license."

By the express provisions of the quoted section, the petitioner may either reconstruct or replace, or may otherwise compensate the owner. It has elected to proceed under the provisions of our constitution and laws and take the property in its entirety and pay just compensation therefor. We hold that, by the acceptance of this license, petitioner's rights under our condemnation statute have not been modified.

Judgment affirmed.