[No. 21274. Department Two. July 31, 1928.]

CHELAN ELECTRIC COMPANY, *Respondent,* v. ALICE BARBEE WICK, *Appellant,* CHELAN COUNTY, *Respondent.*[1]

[1] EMINENT DOMAIN (156)—APPEAL—REVEIW—QUESTIONS CONSIDERED. Upon appeal from an award in condemnation proceedings, the only questions for review are the justness and amount of the damages awarded.

[2] APPEAL (287)—RECORD—STATEMENT OF FACTS—TIME FOR FILING. A statement of facts not filed within ninety days must be struck out, notwithstanding diligence and the fact that it was mailed in time, in the ordinary course of mail operations, to have reached the clerk of court at 3 o'clock on the last day.

[3] APPEAL (263)—REVIEW—INSTRUCTIONS—NECESSITY OF EVIDENCE. Error in the instructions to the jury can not be reviewed on appeal in the absence of a statement of facts.

[4] TRIAL (66)—INSTRUCTIONS—COMMENT ON FACTS. It is not unlawful comment on the evidence, to state, in the instructions, facts conclusively shown by the record.

[5] REMOVAL OF CAUSES (5)—PROCEEDINGS TO REMOVE—TIME OF TAKING. An application for removal of the cause to the Federal court is not properly or timely made, under U. S. Judicial Code, § 29, requiring written notice and bond, when first made at the trial and without any written notice or any amendment of the pleadings to cover an adverse citizenship disclosed by evidence at the trial.

Appeal from a judgment of the superior court for Chelan county, Parr, J., entered July 9, 1927, upon the verdict of a jury rendered in favor of the plaintiff in condemnation proceedings. Affirmed.

*James T. Lawler,* for appellant.

*Post & Russell, Charles S. Albert,* and *Edwin C. Matthias,* for respondent Chelan Electric Co.

*J. A. Adams,* for respondent Chelan County.

[1]Reported in 269 Pac. 827.

HOLCOMB, J.—This appeal is from the final award and judgment for damages in favor of appellant in condemnation proceedings.

This court has already passed upon most of the questions involved herein and has heretofore adjudged that the appropriator was entitled to appropriate and condemn as for public use and necessity. *State ex rel. Woodruff v. Superior Court,* 145 Wash. 129, 259 Pac. 379.

In other cases we have decided most of the questions, including Federal questions, raised upon this appeal that could have been available to appellant. *State ex rel. Chelan Elec. Co. v. Superior Court,* 142 Wash. 270, 253 Pac. 115; *State ex rel. Flick v. Superior Court,* 144 Wash. 124, 257 Pac. 231; *State ex rel. Woodruff v. Superior Court, supra; State ex rel. Perry v. Superior Court,* 145 Wash. 178, 259 Pac. 382.

[1] Upon such appeals, we have many times decided that under our statute, Rem. Comp. Stat., § 931 [P. C., § 7655], relating to appeals from such judgments for damages, no questions can be raised or determined in this court except questions relating to the propriety and justness of the amount of the damages awarded. *Western American Co. v. St. Ann Co.,* 22 Wash. 158, 60 Pac. 158; *Seattle & M. R. Co. v. Bellingham Bay & Eastern R. Co.,* 29 Wash. 491, 69 Pac. 1107, 92 Am. St. 907; *State ex rel. McCormick v. Superior Court,* 43 Wash. 91, 86 Pac. 205; *State ex rel. Port Townsend Southern R. Co. v. Superior Court,* 44 Wash. 554, 87 Pac. 814; *State ex rel. Pagett v. Superior Court,* 46 Wash. 35, 89 Pac. 178; *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 100 Wash. 485, 171 Pac. 238.

[2] Motions are made by respondents to strike the statement of facts and dismiss the appeal.

Unfortunately for appellant, the statement of facts herein must be stricken, although a very strong showing is made to excuse the failure to file the proposed statement of facts in the cause within ninety days after the entry of the judgment. For some reason it failed to reach the clerk of the lower court so as to be filed within the ninety days after the entry of the judgment. Judgment was filed and entered in the lower court on June 9, 1927. The statement of facts was not filed by the clerk of that court until October 8, 1927, which was on the ninety-first day after the entry of the judgment. There are undisputed and wholly trustworthy affidavits in the record by attorneys and their office assistants, who had had the matter in charge for appellant, of a diligent effort to get the statement of facts mailed from Seattle and delivered at Wenatchee, the county seat of Chelan county, within the ninety days. The statement of facts is shown to have been mailed in Seattle on October 6 and in the ordinary course of mail operation, as shown by undisputed affidavits of operatives at Seattle, it should have reached Wenatchee on October 7 at not later than 3:00 p. m. and have been delivered to the clerk of the court on that date in time for him to have filed it in his office.

Nevertheless, under our uniform decisions we are unable to grant appellant relief. It has always been held that the time for filing and serving a proposed statement of facts or bill of exceptions cannot be extended beyond ninety days from the entry of the judgment or order appealed from, because the statute is mandatory. It is a jurisdictional prerequisite. Therefore, when the proposed statement of facts was filed more than ninety days after the time of appeal began to run, it was wholly unauthorized and a nullity. *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017; *State ex rel.*

*Soudas v. Brinker*, 128 Wash. 319, 222 Pac. 615; *State v. Harder*, 130 Wash. 367, 227 Pac. 501.

Regretfully, therefore, the statement of facts is stricken.

Upon this condition of the record, respondent contends that there is nothing more to consider, this being an appeal from the condemnation award and judgment.

We desire, however, not to close the way absolutely to a review by the United States supreme court, and to give appellant a final judgment on the merits.

[3] Appellant contends that the validity and propriety of certain instructions should be considered on this appeal.

We have held, contrary to the contention of appellant, that error in instructions to the jury cannot be reviewed on appeal in the absence of the evidence or any statement of facts on appeal from which it can be ascertained that the instructions were prejudicial to the appellant under the testimony produced and the verdict rendered. *Morgan v. Bankers Trust Co.*, 63 Wash. 476, 115 Pac. 1047. And that, in the absence of the statement of facts, the court cannot review the evidence. *Boh v. Boh*, 133 Wash. 300, 233 Pac. 648.

[4] Appellant insists, however, that certain of the instructions set out in the transcript are erroneous on their faces and prejudicial to appellant; that they should be reviewed and the judgment reversed and remanded for a new trial by reason thereof. In order to assure no injustice in the cause, we have examined the instructions assailed and find that as to those in which it is contended the court commented upon the facts, the court did no more than state facts which were conclusively shown by the record and established as properly shown by the record in the former *Chelan Electric Co.* cases cited, *supra*.

As to those contended to have been argumentative, they did no more than declare that the appropriation was for a public use and the public interest required the prosecution of the enterprise, which we deem to be no more than stating that the use was for the public benefit.

[5] Another contention made by appellant in this appeal is new, involves, if valid, an ultimate Federal question, and is entitled to be considered.

It is insisted that the trial court erred in not granting applications for removal of the cause to the Federal court having local jurisdiction.

The case had been on trial from June 23, 1927, and upon the petitioner resting on June 27, appellant filed her petition for removal to the Federal court without any notice to Chelan county and without notice to the condemning petitioner, other than its presentation in court. After argument, the application was denied. Petitioner was then allowed to reopen its case, introduce additional testimony relating to tax payments and tax liens in favor of Chelan county, tending to show that Chelan county was a necessary and indispensable party to the proceedings, and rested again. Appellant then made a second motion to remove the cause to the Federal court.

The Federal statute, § 29 of the U. S. Judicial Code (§ 72, Title 28 of the U. S. Code Ann.) requires that written notice of the petition and bond for removal shall be given the adverse party or parties prior to filing the same. This was not done.

The application was neither properly nor timely made.

The supreme court of the United States has held that a case arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of

the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by a voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or parties defendant. *Great Northern R. Co. v. Alexander,* 246 U. S. 276.

In this case, there had been a previous removal by appellant to the Federal district court, which was by that court remanded to the state superior court. We held in *State ex rel. Woodruff v. Superior Court, supra,* that that remand was proper and that there was no improper joinder of parties. No claim was made in either removal application that there was a fraudulent purpose to defeat removal. In the *Alexander* case, *supra,* it was held that where there is no claim of fraudulent attempt to evade removal, the grounds for removal were to be determined by the allegations of the complaint or petition; that if the case was not then removable, it could not be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.

We think the *Alexander* case, *supra,* answers all the contentions made by appellant here upon this subject.

Upon the record as it is, no other errors claimed by appellant are available to her.

The judgment is therefore affirmed.

Fullerton, C. J., Askren, Main, and Beals, JJ., concur.