[No. 22073. Department One. November 13, 1929.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTHUR SCHAFER, *Appellant.*[1]

[1]Reported in 282 Pac. 55.

*Emmett G. Lenihan,* for appellant.

*J. W. Graham,* for respondent.

PARKER, J.—There are here presented in behalf of appellant, Schafer, in one paper, what are, in effect, four motions looking to a hearing of his appeal in this court on a later date than November 13, 1929, at which time it is set down for such hearing, and looking to bringing into the record in the meantime some additional matters.

The record now before us shows the following: On September 18, 1928, appellant was, by information filed by the prosecuting attorney of Mason county in the superior court for that county, charged with the crime of murder in the first degree. On October 13, 1928, appellant entered his plea to the information, that, at the time of the alleged commission of the crime charged, "he was mentally irresponsible and criminally insane," and that his "mental irresponsibility and criminal insanity still exists." This plea was signed by himself and his counsel, and we assume that it was accompanied by a general plea of not guilty, though the record before us does not, in terms, so show.

December 14, 1928, appellant, by his counsel, moved the court to appoint a commission to examine into his mental condition, supported by affidavits. On December 17, 1928, the court overruled that motion. The case then proceeded to trial, and on December 21, 1928, the jury returned a verdict finding appellant "guilty as charged," and "that the death penalty should be inflicted;" and also returned a special verdict in the form of answers to questions submitted by the court, finding that appellant was not mentally ir-

responsible at the time of the commission of the crime or at the time of the trial.

On December 24, 1928, appellant, by his counsel, moved for a new trial upon the statutory grounds. On January 31, 1929, appellant, by his counsel, again moved the court for the appointment of a commission to inquire into his mental condition, supported by affidavits. On February 2, 1929, the court overruled appellant's motion for a new trial; and we assume that the court then also overruled his second motion for the appointment of a commission to inquire into his mental condition, though the record before us does not show a formal order to that effect. Thereafter, on February 2, 1929, the court rendered final judgment against appellant in accordance with the verdict of the jury, and thereupon, in open court, appellant, by his counsel, gave oral notice of appeal to this court. On May 1, 1929, appellant, by his counsel, filed in the cause in the superior court, and served upon the prosecuting attorney, a proposed bill of exceptions, proposing, as evidence by an introductory notice addressed to the prosecuting attorney, as follows:

"Please take notice that the above named defendant proposes the following bill of exceptions as his record on appeal in the foregoing cause, which said bill of exceptions is for the purpose of presenting to the appellate court the matter of the failure of the trial court to appoint a commission to examine into the sanity of the defendant."

The prosecuting attorney made no objections to the bill of exceptions as proposed; so the trial judge signed the proposed certificate appended thereto, reading as follows:

"I, John M. Wilson, the undersigned judge of the said court, who sat as the trial judge at the trial of the said cause and before whom the said cause was tried, do hereby certify that the matters and proceed-

ings embodied in the foregoing bill of exceptions are matters and things occurring in said cause as stated in said bill of exceptions.

"And I do further certify that the said bill of exceptions contains all the material facts, matters and proceedings heretofore occurring in said cause upon the question raised in said bill of exceptions.

"In witness whereof I have hereunto set my hand this 4th day of June, 1929.

"John M. Wilson, Judge."

We assume, as counsel for appellant plainly leads us to assume, though the record so far brought here does not affirmatively so show, that this is the only bill of exceptions or statement of facts ever proposed for settlement and certification in the trial court. There has been filed in this court a transcript from the record of proceedings in the superior court, duly certified by the clerk of that court, the bill of exceptions above noticed, and briefs of appellant's counsel and the prosecuting attorney. The cause was duly set down for hearing in this court on November 13, 1929. On October 25, 1929, appellant, by his counsel, filed in this court his four motions, which were argued and submitted to us by respective counsel on November 1, 1929, and which we now consider in appropriate order.

(I) It is first moved in behalf of appellant that the setting of this cause for hearing in this court on November 13, 1929, be vacated. We have already entered an order granting this motion, to the end that counsel for appellant may have further time to do the things in his behalf which we hereinafter grant.

(II) It is further moved in behalf of appellant that his counsel have the privilege of supplementing the record of the cause now in this court by bringing here, in proper form, additional matters which may be properly of record in the superior court at any time up to the hearing of the cause in this court. It is or-

dered that this motion be granted. We do not, however, by this order, decide what may or may not be made of record in the cause in the superior court in addition to the record therein as now existing, a question presently to be noticed by us.

■ (III) It is further moved in behalf of appellant that his counsel have the privilege of preparing and filing in this court a supplemental brief, with such additional assignments of error therein as he may deem arguable upon the record in the cause. It is ordered that this motion be granted, counsel for appellant to have thirty days from the filing of this decision within which to file such a brief.

[3] (IV) It is further moved in behalf of appellant, in substance, that his counsel now have the privilege of causing the bill of exceptions already of record in this court to be supplemented by his proposing and having the trial court certify a statement of facts containing all of the matters and proceedings in the cause not already of record therein. We have noticed that the final judgment in this cause was rendered on February 2, 1929, so the time for appellant to take his appeal then commenced to run, and a period of more than nine months has passed since that date. In Rule VII (Rem. 1927 Sup., § 308-7), adopted by this court in January, 1927, taking the place of a former statute and now having the force of a statute, we read:

"A proposed bill of exceptions or statement of facts must be served and filed either before or within ninety days after the time begins to run within which an appeal may be taken from the final judgment in the cause, . . ." See 140 Wash., p. xxxix.

As we understand the brief and argument of counsel for appellant in support of this motion, it is therein conceded that, if no bill of exceptions or statement of facts had been proposed or filed in the cause before the

expiration of the prescribed ninety-day period, this motion would have to be denied under our holdings in *State v. Harder,* 130 Wash. 367, 227 Pac. 501, and our prior decisions. Counsel's argument then proceeds upon the theory that the bill of exceptions being proposed and filed within the prescribed ninety-day period, and it being, in legal effect, a statement of facts, though not containing all matters and proceedings in the cause not already of record therein, it may be supplemented by his proposing and having certified by the trial judge a full statement of facts embodying all matterś and proceedings occurring in the cause not already of record therein. We agree with counsel for appellant in his assumption that the expressions "bill of exceptions" and "statement of facts" are synonymous, as used in our statutes and rules here to be considered. The purpose of such documents is to make of record in the cause proceedings which would otherwise not appear of record therein. There are, nevertheless, two kinds of such documents; one being proposed and caused to be certified with a view of reviewing in this court some particular arguable claim or claims of error; the other being proposed and caused to be certified with a view of reviewing in this court every possible arguable claim of error. These two are differentiated by the manner of their proposing and certification. This is made plain by the language of Rem. Comp. Stat., § 391, reading as follows:

"The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, *are matters and proceedings occurring in the cause* and that the same are thereby made a part of the record therein; and, when such is the fact, he shall further certify that the same contains *all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein,* . . . ."

We have italicized the words of this section to be particularly noticed. Manifestly, the bill of exceptions, already of record in this cause, was proposed by counsel for appellant and caused to be certified by the trial judge as of the kind indicated by the first above italicized language of the statute. It was certified, without objection, exactly as proposed by counsel for appellant. It is not claimed to be in the slightest degree deficient as a bill of exceptions of the nature proposed and certified. It is complete within itself in every particular, and there is no contest over its sufficiency as a bill of exceptions or statement of facts of the nature proposed. This is not a controversy over the proposal, settlement and certifying of a bill of exceptions or statement of facts which has been proposed and filed within the prescribed ninety-day period, as in *State ex rel. Baer v. Superior Court,* 152 Wash. 407, 278 Pac. 169, in some measure relied upon by counsel for appellant. This is, in its last analysis, an effort to be permitted to file and cause to be certified a statement of facts with a view of making of record in the cause "all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein," without any such statement of facts having been proposed, or even any steps taken looking to such proposal, until the making of this motion in this court over nine months after the commencement of the prescribed ninety-day period within which such proposal must be made.

██ Counsel for appellant invokes the provisions of § 2 of Rule X of this court (Rem. 1927 Sup., § 308-10), adopted in January, 1927, particularly the following language therein:

"In case any *bill of exceptions or statement of facts* shall be filed or certified, or any other addition to the records or files shall be made after the record on ap-

peal shall have been sent up, a supplementary record on appeal embracing so much thereof as the appellant deems material, or a copy thereof may be prepared, certified and sent up at any time prior to the hearing of the appeal. And in case the respondent deems any part of the files or record not already sent up to be material to the review of the matters embraced within the appeal, he may cause the clerk, in like manner, at his expense, to prepare, certify and send up a supplementary record on appeal embracing such omitted files or records, or copies thereof, at any time prior to the hearing of the appeal. Any such supplementary record or records, if filed in the supreme court prior to the hearing of the appeal, shall be considered by the court as part of the record on appeal, so far as the same may be material to a review of the matters embraced within the appeal.'' See 140 Wash., p. xlii.

There is a plain distinction between bringing to this court from the superior court additional record of the cause already existing in that court, or which that court can timely, lawfully make, and making additional record in the cause in that court, which it cannot lawfully make after the expiration of the prescribed time for making additional record therein. Clearly, we think this language of Rule X has reference only to the former; the latter is what is here sought to be done. This motion must be denied. It is so ordered.

MITCHELL, C. J., MILLARD, and TOLMAN, JJ., concur.

HOLCOMB, J. (dissenting in part)—I concur in the foregoing decision save that upon the fourth motion. As to that, I dissent. To me it is clear that the relief here requested is exactly that contemplated to be accomplished by § 2 of Rule X intended to liberalize the strictness of the former statute, rules and practice.