[No. 22380. Department One. August 28, 1930.]

EMMA PERKINS, *Respondent,* v. JOSEPH PERKINS, *Appellant.*[1]

*John F. Dore* and *Coleman & Fogarty,* for appellant.
*Allen & Walthew,* for respondent.

MILLARD, J.—By decree entered January 6, 1920, plaintiff Emma Perkins was granted a divorce from defendant Joseph Perkins and awarded the custody and control of the three minor children of the parties, and the defendant was ordered to pay to the plaintiff seventy-five dollars monthly as permanent alimony. No appeal was taken from that decree. Defendant, by his petition filed July 1, 1929, seeks modification of the decree to provide for payment of twenty-five dollars monthly for the support solely of one child, alleging the following as grounds for reduction of the alimony:

The plaintiff has intermarried with a third person. The alimony was awarded for the care of the three children, one of whom has arrived at his majority, one is self-supporting, and one, who is now fourteen years old, lives with his mother and step-father. Twenty-five dollars monthly is ample for the support of the one dependent child. The parties mutually agreed, a short

[1]Reported in 290 Pac. 855.

time subsequent to the entry of the decree, that the defendant pay alimony for the support of plaintiff and the three minor children in the sum of fifty dollars per month, instead of seventy-five dollars monthly as provided by the decree.

By answer to the petition, the plaintiff denied agreeing to reduction of the alimony, and alleged that the defendant was contumacious in having failed to make payments as ordered, being now in arrears in the amount of twenty-seven hundred and fifty dollars. Hearing was had upon the petition for modification, and resulted in order entered August 22, 1929, denying the petition, adjudging the defendant in contempt, ordering the defendant to pay the arrears of alimony and to continue paying seventy-five dollars monthly as decreed January 6, 1920. Defendant has appealed.

The findings of fact in the divorce action recite that respondent and appellant stipulated for an award to the respondent of alimony at the rate of seventy-five dollars a month. By the decree, the respondent was awarded such payments as permanent alimony.

The question in this case, argues counsel for appellant, is whether, by accepting from appellant the sum of fifty dollars a month for the children's use only, the respondent agreed to modify the stipulation and the decree that appellant pay seventy-five dollars a month alimony.

That question can not be determined without reference to the evidence, which can not be considered as properly a part of the record of the cause, inasmuch as the statement of facts must be stricken because not timely filed. [Rule VII adopted January 14, 1927, 140 Wash., p. xxxix (Rem. 1927 Sup., § 308-7).] The order appealed from was entered August 22, 1929. On November 23, 1929, ninety-three days subsequent to the entry of the order, the statement of facts was

served and filed. The filing of the statement of facts within ninety days from the entry of the judgment or the order from which an appeal is taken is jurisdictional.

"It has been our oft repeated holding, under the statute fixing the time for filing statements of facts that the filing within ninety days after judgment is jurisdictional." *Neis v. Pool,* 148 Wash. 646, 269 Pac. 801.

"It has always been held that the time for filing and serving a proposed statement of facts or bill of exceptions cannot be extended beyond ninety days from the entry of the judgment or order appealed from, because the statute is mandatory. It is a jurisdictional prerequisite. Therefore, when the proposed statement of facts was filed more than ninety days after the time of appeal began to run, it was wholly unauthorized and a nullity. . . ." *Chelan Electric Co. v. Wick,* 148 Wash. 479, 269 Pac. 827.

There being no statement of facts properly bringing the evidence here, and no question being presented which we can decide without the evidence, the order must be, and it is, affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.