[No. 23450. Department One. January 2, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. DOLLY SHERWOOD, *Appellant*.[1]

*Vanderveer, Beardslee & Bassett* and *William R. Bell*, for appellant.

*Robert M. Burgunder* and *Theodore S. Turner*, for respondent.

PARKER, J.—This is a prosecution under our narcotic drug statute, chapter 47, Laws of 1923; p. 133 (Rem. 1927 Sup., §§ 2509-1 *et seq.*). Count II of the information, filed in the superior court for King county on February 3, 1931, charges as follows:

"They, said R. E. Sherwood and Dolly Sherwood, and each of them, in the county of King, state of Washington, on or about the 12th day of December,

[1] Reported in 6 P. (2d) 595.

A. D. 1930, wilfully, unlawfully and feloniously did have in their possession certain narcotic drugs, to-wit, seven (7) taels of opium, two (2) bottles of opium solution, three hundred (300) grains of morphine and three and one-half (3½) ounces of yenshee, a derivative of opium, which narcotic drugs had been theretofore unlawfully acquired by them.''

The trial of Dolly Sherwood proceeded separately in the superior court for that county, sitting with a jury, resulting in a verdict finding her guilty as charged in count II of the information. Final judgment was accordingly rendered against her, from which she has appealed to this court.

Shortly following the alleged commission of the offense, the Seattle police seized narcotic drugs of the kind and substantially of the quantity described in count II of the information, which were found by them in a trunk used in common by Mr. and Mrs. Sherwood, with clothing and personal effects of each of them therein. On February 11, 1931, counsel for Mrs. Sherwood moved the court for an order ''suppressing as evidence and destroying'' the drugs so seized by the police and held by the prosecution to be used as evidence against her, basing the motion on the alleged unlawful search and the alleged unlawful seizure of the drugs. The motion came regularly on for hearing before the court, at which evidence was introduced in support of and in resistance of the motion. On February 20th, the court entered its order denying the motion.

On February 26th, the cause proceeded to trial against Mrs. Sherwood separately. On February 27th, her motion for a directed verdict of not guilty having been denied, a verdict of guilty was rendered against her. On May 25th, her motions for arrest of judgment and in the alternative for a new trial having been de-

nied, final judgment was rendered against her, followed by her timely notice of appeal.

On September 24th, the trial judge certified a statement of facts, concededly theretofore timely proposed by counsel for Mrs. Sherwood. That statement of facts does not contain any of the evidence presented to the court upon its hearing and disposition of Mrs. Sherwood's motion to suppress as evidence the seized drugs.

On September 29th, which, it will be noticed, was approximately one month after the expiration of ninety days following the rendering of the final judgment against Mrs. Sherwood, the trial judge certified a purported "supplemental statement of facts," which purported to embody therein the evidence and proceedings presented and had upon the hearing of Mrs. Sherwood's motion to suppress as evidence the seized drugs. This purported supplemental statement of facts was not filed with the clerk of the superior court, either as a proposed or certified supplemental statement of facts, until the following day. There is nothing upon this supplemental statement of facts or elsewhere in the record showing it to have been proposed prior to September 29th, the day it was certified by the trial judge.

It is here contended in behalf of Mrs. Sherwood that the trial court erred in its denial of her motion to suppress the seized drugs as evidence against her; in its admission of the seized drugs as evidence against her upon the trial; and in denying her motion for an instructed verdict of not guilty. The latter seems to be rested principally upon the theory that, apart from the seized drugs as evidence, there was not sufficient evidence to support a verdict of guilty against her.

Counsel for the state has moved this court to strike and disregard the supplemental statement of

facts upon the ground that it was not timely proposed by filing and service thereof. We have repeatedly held, under Rem. Comp. Stat., § 393, also under rule of practice VII, found in 159 Wash. lxi, and in Rem. 1927 Sup., § 308-7, adopted by this court in pursuance of statutory authority, that a statement of facts or bill of exceptions must be proposed by filing and service thereof within ninety days after the time begins to run within which an appeal may be taken to this court from the final judgment in the cause. See the following cases and others therein cited: *Huston v. Murrell,* 142 Wash. 404, 253 Pac. 451; *In re Rotter's Estate,* 148 Wash. 285, 268 Pac. 866; *Chelan Electric Co. v. Wick,* 148 Wash. 479, 269 Pac. 827; *State v. Schafer,* 154 Wash. 322, 282 Pac. 55; *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Thornthwaite v. Greater Seattle R. & I. Co.,* 160 Wash. 651, 295 Pac. 933; *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916.

Counsel for Mrs. Sherwood invoke, as an exception to this rule and our decisions thereunder, the provision of rule of practice X, found in 159 Wash. lxiv, also in Rem. 1927 Sup., § 308-10, reading as follows:

"In case any bill of exceptions or statement of facts shall be filed or certified, or any other addition to the records or files shall be made after the record on appeal shall have been sent up, a supplementary record on appeal embracing so much thereof as the appellant deems material, or a copy thereof, may be prepared, certified and sent up at any time prior to the hearing of the appeal."

In *State v. Schafer,* 154 Wash. 322, 282 Pac. 55, this same theory was advanced in support of the proposing of a supplemental statement of facts after the expiration of the prescribed ninety day period therefor. We held that this could not effectually be done. This is

an attempt, as it was in that case, to have the trial court make of record proceedings which are not of record, by statement of facts not timely proposed. It seems clear to us that the supplemental statement of facts must be stricken and wholly disregarded in our disposition of this appeal, because it was not proposed by filing and service thereof within the prescribed ninety-day period.

Further contention is made that the evidence produced in the trial of the cause upon the merits shows the search and seizure to have been unlawfully made; and that, upon such showing, apart from the showing made upon the hearing of the motion to suppress, the trial judge should have excluded the seized drugs as evidence against Mrs. Sherwood. A reading of the evidence given upon the trial convinces us that this contention should not be sustained.

Further contention is made that, in any event, the evidence, including the seized drugs, does not support the verdict. This contention is rested upon the theory that there was not sufficient proof of Mrs. Sherwood's possession of the drugs as charged. The evidence, we think, clearly made that a jury question.

We find no error in the record prejudicial to the rights of Mrs. Sherwood, and therefore conclude that the judgment against her must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, HERMAN, and BEELER, JJ., concur.