[No. 23456. Department One. April 5, 1932.]

POTLATCH LUMBER COMPANY, *Appellant,* v. FERRY COUNTY, *Respondent.*[1]

*Danson, Lowe & Danson,* for appellant.
*Wm. T. Beck,* for respondent.

BEELER, J.—The plaintiff alleged in its complaint that, between September 15th, 1929, and February 21, 1930, it furnished to the defendants, at their request,

[1]Reported in 9 P. (2d) 783.

492

certain building materials and supplies of the reasonable value of $1,007.39, and that the defendant Ferry County, through its county commissioners, on January 8, 1931, made a partial payment of $327. The plaintiff prayed for judgment for the balance of $664.09, together with interest thereon at the rate of six per cent. The defendant county in its answer admitted the payment of the sum of $327, but denied any additional indebtedness. The answer of the defendant Latta is not made a part of the record.

The cause was tried to the court sitting without a jury. At the conclusion of the plaintiff's testimony the case, as against the defendant Latta, was dismissed without objection. At the conclusion of all of the evidence, the court made findings of fact from which it was concluded that the plaintiff was not entitled to the relief which it sought as against the other defendant —Ferry county, and from a judgment entered thereon, the plaintiff has appealed.

At the outset, we are met with respondent's motion to strike the statement of facts. This motion must be sustained. The final judgment from which this appeal was taken was filed May 19, 1931. The statement of facts was not filed until August 28, 1931, or more than ninety days subsequent to the date of the entry of the judgment. We have repeatedly held that a statement of facts or bill of exceptions filed after the expiration of ninety days from the date of the entry of the final judgment will be stricken on motion.

"Respondent moves to strike the statement of facts filed by appellant. The decree appealed from bears date October 6, 1927; the statement of facts was filed in the office of the clerk of the superior court January 7, 1928, more than ninety days from the date of the entry of the decree. Under repeated rulings of this court, where no proposed bill of exceptions or statement of facts is filed in the office of the clerk of the

superior court within ninety days from the entry of the judgment or order from which the appeal is taken, a proposed bill of exceptions or statement of facts, filed subsequently to the expiration of such ninety-day period, will, on motion, be stricken from the record.'' *In re Rotter's Estate,* 148 Wash. 285, 268 Pac. 866.

To the same effect see the following cases and others therein cited: *Huston v. Murrell,* 142 Wash. 404, 253 Pac. 451; *Chelan Electric Company v. Wick,* 148 Wash. 479, 269 Pac. 827; *State v. Schafer,* 154 Wash. 322, 282 Pac. 55; *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Thornthwaite v. Greater Seattle R. & I. Co.,* 160 Wash. 651, 295 Pac. 933; *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916.

Since the findings support the judgment, it follows that the judgment appealed from must be affirmed. It is so ordered.

TOLMAN, C. J., PARKER, and MITCHELL, JJ., concur.

HERMAN, J. (dissenting)—The legislature, by Laws of 1925, Ex. Sess., chap. 118, p. 187, § 1 (Rem. 1927 Sup., § 13-1), gave to the supreme court, among other things, the right to prescribe the rules of practice and proceedings governing appeals to the supreme court. There is set forth in that section the following exhortation:

''In prescribing such rules the Supreme Court shall have regard to the simplification of the system of pleading, practice and procedure in said courts to promote the speedy determination of litigation on the merits.''

Section 2 of the same chapter (Rem. 1927 Sup., § 13-2) provides:

''When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect.''

In the case at bar, the trial court made findings of fact upon which it based its conclusion of law that appellant was not entitled to the relief it sought. Respondent moved to strike from the record the proposed statement of facts filed by appellant, on the ground that it was not filed within ninety days after the entry of the judgment, as required by Rule of Practice VII, 159 Wash. lxi. When the motion to strike was granted by this court, an examination of the findings of the trial court with a view of ascertaining their correctness became impossible. In view of the fact that this case was heard on exactly the same date that it would have been heard had the filing of the proposed statement of facts been timely, it was not necessary to grant respondent's motion to strike in order "to promote the speedy determination of litigation on the merits."

Discussing the enforcement of rules of court, the supreme court of the United States has said:

"And it is always in the power of the court to suspend its own rules, or to except a particular case from its operation, whenever the purposes of justice require it." *United States v. Breitling,* 61 U. S. 252.

The power to make rules carries with it the right to repeal rules, and the power to repeal embraces the right to suspend or waive. In *Evans v. Backer,* 101 N. Y. 289, 4 N. E. 516, the New York court of appeals announced:

"It is peculiarly the province of the body framing them to interpret its own enactments, and, as a general rule, we have considered it the office of the supreme court to construe and administer its own regulations, and, in their discretion, to impose such penalties and relieve from such defaults as may have been incurred by attorneys through neglect to comply with their modes of procedure."

The majority opinion cites many cases where proposed statements of fact were stricken by this court because their filing was not timely. Many more could be cited to the same effect. In my opinion, however, this court should have considered in this case the extenuating circumstances connected with the failure to file the proposed statement within the time fixed by the rule of this court.

I am persuaded that the motion to strike should have been denied. It is not error to depart from precedent when such departure is in the direction of progress.