[No. 25765. *En Banc.* August 8, 1936.]

EDWIN TREMBLAY, *a Minor, by Al Tremblay, his Guardian ad Litem, Appellant,* v. PAULA NICHOLS, *Respondent.*[1]

*Peter A. McDonald, Joseph H. Griffin,* and *George F. Hannan,* for appellant.

*Geo. D. Lantz,* for respondent.

MILLARD, C. J.—Plaintiff, a minor, by his guardian *ad litem,* brought this action to recover from defendant for personal injuries alleged to have been sustained as the result of defendant's negligent operation of an automobile. Trial of the cause to a jury resulted in a verdict for defendant. From the judgment entered May 19, 1934, dismissing the action, plaintiff appealed.

On August 22, 1934, the statement of facts in the cause was served and filed. On December 26, 1934, before the certification of the statement of facts, ap-

[1]Reported in 59 P. (2d) 1123.

pellant filed his motion in the trial court requesting that the statement of facts be amended or supplemented by adding thereto approximately nine pages of testimony. On January 21, 1935, the trial court entered an order granting the motion of the appellant. On May 15, 1935, the statement of facts was certified by the trial judge.

Thereafter, hearing was had before a Department of this court on respondent's motion to strike the inserted matter from the statement of facts. The motion was granted. The cause is now before us on appellant's petition for a rehearing *En Banc*.

Respondent insists that her motion to strike the supplemental matter from the statement of facts should be granted, and she also urges the granting of her motion that the appeal be dismissed, for the reason that, with the supplemental portion stricken from the statement of facts, there is no basis for an appeal herein.

It will be noted that appellant did not offer the supplemental matter for incorporation in the statement of facts until seven months after the entry of the judgment. In the absence of objections made to the proposed statement of facts, after the expiration of the ninety-day period within which a statement of facts must be served and filed, the trial court has no jurisdiction to permit the enlargement or supplementing of the statement of facts. True, the trial court may correct the certificate to make it speak the truth; that is, to show whether the statement of facts does or does not contain all the matters and proceedings occurring in the cause. Rem. Rev. Stat., § 391 [P. C. § 7819].

The supplemental statement of facts must be stricken and wholly disregarded in our disposition of this appeal, because it was not served and filed within the prescribed ninety-day period.

"Counsel for the state has moved this court to strike and disregard the supplemental statement of facts upon the ground that it was not timely proposed by filing and service thereof. We have repeatedly held, under Rem. Comp. Stat., § 393, also under rule of practice VII, found in 159 Wash. lxi, and in Rem. 1927 Sup., § 308-7, adopted by this court in pursuance of statutory authority, that a statement of facts or bill of exceptions must be proposed by filing and service thereof within ninety days after the time begins to run within which an appeal may be taken to this court from the final judgment in the cause. See the following cases and others therein cited: *Huston v. Murrell,* 142 Wash. 404, 253 Pac. 451; *In re Rotter's Estate,* 148 Wash. 285, 268 Pac. 866; *Chelan Electric Co. v. Wick,* 148 Wash. 479, 269 Pac. 827; *State v. Schafer,* 154 Wash. 322, 282 Pac. 55; *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Thornthwaite v. Greater Seattle R. & I. Co.,* 160 Wash. 651, 295 Pac. 933; *Moss v. Moss,* 163 Wash. 444, 1 P. (2d) 916.

"Counsel for Mrs. Sherwood invoke, as an exception to this rule and our decisions thereunder, the provision of rule of practice X, found in 159 Wash. lxiv, also in Rem. 1927 Sup., § 308-10, reading as follows:

" 'In case any bill of exceptions or statement of facts shall be filed or certified, or any other addition to the records or files shall be made after the record on appeal shall have been sent up, a supplementary record on appeal embracing so much thereof as the appellant deems material, or a copy thereof, may be prepared, certified and sent up at any time prior to the hearing of the appeal.'

"In *State v. Schafer,* 154 Wash. 322, 282 Pac. 55, this same theory was advanced in support of the proposing of a supplemental statement of facts after the expiration of the prescribed ninety day period therefor. We held that this could not effectually be done. This is an attempt, as it was in that case, to have the trial court make of record proceedings which are not of record, by statement of facts not timely proposed. It seems clear to us that the supplemental statement of facts must be stricken and wholly disregarded in

our disposition of this appeal, because it was not proposed by filing and service thereof within the prescribed ninety-day period.'' *State v. Sherwood,* 166 Wash. 160, 6 P. (2d) 595.

 Although respondent has not suggested same, there is another ground on which the statement of facts must be stricken. On May 19, 1934, the court signed and entered its judgment dismissing this action and overruling appellant's motion for a new trial. On August 22, 1934, ninety-five days subsequent to the entry of the foregoing judgment, the statement of facts was served and filed. The filing of the statement of facts within ninety days from the entry of the judgment or order from which an appeal is taken is jurisdictional.

 The questions presented by this appeal can not be determined without reference to the evidence, which can not be considered as part of the record of the cause inasmuch as the statement of facts must be stricken because not timely filed. *Thornthwaite v. Greater Seattle Realty & Imp. Co.,* 160 Wash. 651, 295 Pac. 933.

It follows that the judgment must be, and it is, affirmed.

ALL CONCUR.