[No. 26174. Department Two. November 12, 1936.]

E. F. Nudd, *Appellant*, v. The City of Seattle,
*Respondent.*[1]

*W. Glenn Stoneman*, for appellant.

*A. C. Van Soelen, C. C. McCullough*, and *T. M. Alderson, Jr.*, for respondent.

Beals, J.—Plaintiff sued the city of Seattle to re-
cover damages for personal injuries which he suffered
as the result of being kicked by a horse which an em-
ployee of the city had tied to a wagon near plaintiff's
property. The issues having been made up, the action
was tried to a jury, which returned a verdict in the
sum of five hundred dollars in plaintiff's favor. There-
after, the city moved for judgment in its favor not-
withstanding the verdict, which motion came on to be
heard together with a motion which plaintiff had made
to reopen the case for the purpose of introducing fur-
ther evidence. The court denied the motion to reopen,
and granted defendant's motion for judgment in its
favor. September 5, 1935, an order dismissing the
action was signed and filed, from which order plaintiff
has appealed.

[1]Reported in 62 P. (2d) 43.

274

Appellant's proposed statement of facts was filed in the office of the clerk of the superior court March 21, 1936, far more than ninety days after the entry of the judgment.

As we have repeatedly held, the filing of a proposed statement of facts within the ninety day period is jurisdictional, and the suggestion that it was not seasonably filed may be made by an opposing party or made by the court upon its own motion. *Potlatch Lumber Co. v. Ferry County,* 167 Wash. 491, 9 P. (2d) 783; *Seattle Nat. Bank v. Trefethen,* 168 Wash. 173, 11 P. (2d) 244; *In re Mundts' Estate,* 169 Wash. 593, 14 P. (2d) 59; *McCrabbe v. Jones,* 171 Wash. 326, 17 P. (2d) 860; *Kaplow v. McCrory,* 175 Wash. 578, 27 P. (2d) 1107; *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123.

The time within which an appellant may file his proposed statement of facts cannot be extended by stipulation of the parties or court order. Appellant's statement of facts not having been filed within the ninety days after the entry of the judgment, the same will be stricken.

Appellant's assignments of error all require consideration of the evidence which was introduced on the trial. As the evidence is not properly before us, the appeal presents no question which we can consider.

The judgment will be affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.