[No. 27233. Department One. June 23, 1939.]

AGNES LOURING, *Appellant*, v. KAJ A. LOURING, *Respondent*.[1]

*John J. Sullivan, Carl Pruzan,* and *Hugh Miracle,* for appellant.

*Herbert L. Onstad,* for respondent.

ROBINSON, J.—This is an appeal by the plaintiff in a divorce action in which the defendant cross-complained and an interlocutory decree was entered granting a divorce to both parties on January 15, 1938. Notice of appeal was given on February 14, 1938, and perfected by filing a cost bond on February 18th. The transcript was filed in the lower court on May 13th, and in this court on June 30th. On January 21, 1939, the appellant's brief was filed in this court, and, in due course, the respondent's answering brief, and the case was argued on the merits on May 11, 1939.

[1] Reported in 91 P. (2d) 729.

The appellant assigns error, as follows:

"The trial court erred in failing to award Mrs. Louring a larger and fairer portion of the community property, in failing to award her alimony or in lieu thereof an equitable lump sum, in failing to award her a reasonable attorneys' fee, in failing to dispose of the money in the husband's possession, and in failing to award her funds with which to prosecute an appeal to this court."

Upon examining the record, we find a purported statement of facts, which came into existence as follows: On May 11, 1938, the appellant filed her proposed statement of facts, which set out, in narrative form, the testimony of all twelve witnesses. On some date not appearing in the record, the respondent filed proposed amendments thereto, comprising the detailed, verbatim testimony of six of the witnesses, and this testimony was attached to the appellant's proposals. The statement thus made up was certified on November 18, 1938, the certificate of the trial judge reciting, as usual, that the matters embodied in the statement occurred in the cause and are made a part of the record; that the statement contained all the material facts, etc., occurring in said cause, not already a part of the record; that it contained all the evidence and testimony introduced at the trial, together with all rulings made with respect thereto, and concluded with the following:

"I do further certify that defendant's proposed amendments to the foregoing statement of facts are allowed in their entirety, and do further certify that wherein there is any conflict between plaintiff's proposed statement of facts and the said defendant's amendments to the statement of facts, the defendant's amendments shall prevail."

It is clearly not the duty of this court to assume the burden of reconciling two versions as to what

took place at the trial and to resolve conflicts in order to determine what evidence was actually given. It is contemplated that the trial judge shall determine that and authenticate it by an unequivocal certificate.

 We might, however, out of regard for the interests of the appellant, assume the burden if we were not precluded from so doing by the fact that she did not file her proposed statement of facts in the office of the clerk of the superior court within ninety days after the entry of the judgment from which she appealed. The judgment was entered on January 15, 1938. Her proposed statement was filed on May 11, 1938. The matter is jurisdictional. *Perkins v. Perkins,* 158 Wash. 351, 290 Pac. 855; *Thornthwaite v. Greater Seattle Realty & Imp. Co.,* 160 Wash. 651, 295 Pac. 933; *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123; *Nudd v. Seattle,* 188 Wash. 273, 62 P. (2d) 43. In accordance with the rule of these authorities, and many others which need not be cited, the statement of facts will be stricken.

Obviously, the question or questions raised by the appellant's assignment of error, hereinbefore quoted, cannot be considered without the evidence in the cause, and the judgment and decree appealed from appearing to be in due and regular form and consistent with the findings and conclusions upon which it is based, it follows that the judgment appealed from must be, and it is hereby, affirmed.

BLAKE, C. J., MAIN, STEINERT, and JEFFERS, JJ., concur.