[No. 27232.   Department Two.   November 16, 1938.]

GEO. H. JACKSON, *as State Supervisor of Banking,*
*Respondent,* v. MARYLAND CASUALTY COM-
PANY, *Appellant.*[1]

*Charles T. Peterson* and *Thomas MacMahon,* for
appellant.

*Bausman, Oldham, Jarvis & Wampold,* for respond-
ent.

MILLARD, J.—Under a bond executed by it, the Mary-
land Casualty Company was obligated to reimburse the
Tieton State Bank for any loss, not exceeding five
thousand dollars, of money or other personal property
sustained by the bank by reason of wrongful acts of
the cashier of that bank while in the performance of
his duties.

This action was brought by the supervisor of bank-
ing, who took over the Tieton State Bank for liquida-
tion, to recover on that bond for losses sustained by the
bank through the fraud of the cashier. Trial of the
cause to a jury resulted in a verdict for the plaintiff.
From the judgment entered January 22, 1938, on the
verdict, the defendant appealed.

[1]Reported in 84 P. (2d) 369.

■ Respondent moves that the statement of facts be stricken because same was not timely served and filed in the office of the clerk of the superior court.

Under the provisions of our Rule IX, 193 Wash. 9-a, the period of ninety days in which to file the statement of facts expired April 22, 1938. The statement of facts was served and filed April 29, 1938, or ninety-seven days after entry of the judgment from which the appeal was taken. Therefore, the motion of respondent that the statement of facts be stricken must be granted. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123.

There being no statement of facts or bill of exceptions properly bringing the evidence here, and no question being presented by appellant's thirty assignments of error which we can determine without the evidence, the judgment must be, and it is, affirmed.

STEINERT, C. J., BEALS, GERAGHTY, and SIMPSON, JJ., concur.