R. E. BENNETT, *Respondent,* v. HERALD MCKELLIPS
*et al., Appellants.*[1]

Wettrick, Flood, O'Brien & Stuntz and Gilbert L.
Whitley, for appellants.

Simmons & McCann, for respondent.

SIMPSON, J.—Plaintiff sued defendants to recover
damages for personal injuries to himself and damages

[1]Reported in 111 P. (2d) 558.

to his automobile occasioned when the automobiles of the parties collided on Aurora avenue, in the city of Seattle. After the case was at issue, trial was had to the court, sitting without a jury. The court made findings of fact and conclusions of law, and thereafter entered judgment in favor of plaintiff. Defendants McKellips have appealed.

The judgment and the order denying the motion for a new trial were signed and entered May 11, 1940. The statement of facts was filed in the office of the clerk of the superior court September 26, 1940, more than ninety days after the entry of judgment.

The statement of facts will be stricken, for the reason that it was not filed within the time allowed by Rule IX, Rules of the Supreme Court, 193 Wash. 9-a, in effect August 1, 1938. *Nudd v. Seattle,* 188 Wash. 273, 62 P. (2d) 43; *Jackson v. Maryland Casualty Co.,* 196 Wash. 698, 84 P. (2d) 369; *Louring v. Louring,* 199 Wash. 351, 91 P. (2d) 729; *McKasson v. Huntworth,* 5 Wn. (2d) 661, 105 P. (2d) 44.

Appellants alleged in their answer, and now contend, that the respondent was guilty of contributory negligence as a matter of law.

In the absence of a statement of facts, the only question presented for our consideration is whether the factual findings of the trial court support the judgment, and in this connection it will be conclusively presumed that the facts found by the trial court are correct. *In re Munson's Estate,* 189 Wash. 537, 66 P. (2d) 293.

The court found that, at the time of the accident, which occurred at 11:20 p. m., February 6, 1936, respondent was driving his car in a careful and prudent manner and at a lawful rate of speed on Aurora avenue and ran into and against a truck and load of lumber belonging to appellants; that the truck was negligently

parked at an angle which allowed the lumber, having an overhang of eight feet, to extend out from the curb into the street a distance estimated to be twelve feet; that the truck had been left by appellants unattended and unlighted, and that no flares or other warnings of any kind or description were placed so as to give notice to users of the highway of the condition of the truck and its load of lumber. It was further found by the court that the negligence of appellants was the proximate cause of the damages sustained by respondent.

Based upon the foregoing findings, the court entered its judgment as stated.

An examination of the findings of fact convinces us that the judgment is supported thereby, and since we would be unable to determine whether or not respondent should have been found contributorily negligent without examining the evidence presented in the case, we must and do affirm the judgment.

ROBINSON, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.