[No. 30445. Department One. January 14, 1949.]

HAZEL M. BRADY, *Respondent*, v. JOHN MORRISON BRADY, *Appellant.*[1]

*Burkey & Burkey*, for appellant.

*Ralph B. Potts*, for respondent.

PER CURIAM.—This is an appeal from an interlocutory order of divorce and from an order denying a motion for new trial.

The parties were married April 30, 1932, at which time appellant was attending the University of Washington as a premedical student. Respondent had just graduated as a nurse from the Virginia Mason hospital. In the autumn of 1932, respondent journeyed to New York, seeking employment. She did not secure a position, returned to her father's home in Michigan, and then joined appellant in Chicago where he had entered the Northwestern Medical School.

From the time respondent arrived in Chicago, she worked as a nurse for a period of seven years. During the same time, appellant worked at various jobs and attended the medical school. They pooled their income, to the end that

[1]Reported in 201 P. (2d) 695.

appellant might finish his education at the medical college. He graduated from the medical school in 1940. After graduation, he interned in the Cook county hospital and then entered the United States army, with the rank of captain. He received $332 per month, from which he sent his wife $225. After his separation from the service, appellant, in 1945, secured a position as an assistant superintendent of the Pierce county hospital, which position he held at the time of the trial.

Three children were born to appellant and respondent, the first in 1940. At one time, the parties borrowed $635.68, and used it to make an initial payment on the home they occupied until the time of this divorce. At the time of trial, appellant was receiving, as salary from the hospital, the sum of $775 per month which, after pay roll deductions, amounted to $675 each month. He had, in addition, some private practice which resulted in a small income, not definitely ascertained from the evidence contained in the statement of facts.

Mrs. Brady instituted the action for divorce, and her husband filed a cross-complaint in which he asked that the decree be awarded to him. As heretofore indicated, the court awarded the decree to respondent. In addition, the trial judge gave her the custody of the three children, subject to reasonable visitation by appellant. Respondent was granted the community interest in the home and an old automobile, together with their interest in a one-thousand-dollar life insurance policy on her life. Appellant was awarded a Lincoln Zephyr automobile, the parties' right to an insurance policy on his life in the sum of fifteen thousand dollars, and certain insurance policies taken out after the commencement of this action, together with all right to the personal property used by the appellant in his profession. Respondent was awarded seventy-five dollars per month for the care of each minor child, and one hundred dollars a month in the way of alimony for ten years. In addition, appellant was required to pay the $635.68 borrowed for a down payment on the home.

The assignments of error challenged all of the findings and conclusions of the trial court, and also the judgment based upon the findings and conclusions.

█ We shall not recite the evidence concerning the domestic difficulties of this family. If appellant is to be believed, he should have the divorce. If respondent's version of the marital trouble is correct, she should be awarded the decree. The trial judge believed respondent and awarded her an interlocutory order of divorce. He had the opportunity, denied to us, of seeing and hearing the appellant and respondent upon the witness stand. He was in a much better position than we to ascertain who was telling the truth, and, too, to measure the capabilities of the individuals as to their ability in taking care of the children. A careful reading of the statement of facts does not convince us that there is any ground upon which to disagree with the decision of the trial court. This conclusion must be the same as to the other objections to the interlocutory order.

Respondent is the mother and charged with the support of three very small children, and, of necessity, must have a home in which to rear her family and the funds to accomplish that purpose. In his brief, appellant indicates that he has a great ambition to become a Fellow in the American College of Surgeons, and desires that the amounts awarded to his wife and family be reduced so that he might realize his ambition. The ambition is a noble one, but must yield to appellant's liability to his children. The first great liability of appellant, imposed upon him by the laws of God and man, is to care for, and protect, the children he helped bring into the world. Respondent will have none too much income to care for, and bring up, those children as good American citizens.

█ We are impressed with the trial court's earnest consideration relative to the necessities of respondent and the financial ability of appellant. In cases, such as the one at bar, this court will not disturb the judgment of the trial court unless that judgment is clearly untenable or manifestly unreasonable. *Holm v. Holm*, 27 Wn. (2d) 456, 178

P. (2d) 725; *Guarino v. Guarino*, 29 Wn. (2d) 314, 186 P. (2d) 927.

The motion for new trial was based upon three grounds; (1) irregularity in the proceedings of the court or adverse party or any order of the court, or abuse of discretion by which the defendant was prevented from having a fair trial; (2) newly discovered evidence material for the defendant which he could not, with reasonable diligence, have discovered and produced at the trial; (3) there was no evidence or reasonable inference from evidence to justify the decision, and that is contrary to law; and (4) error occurring at the trial and excepted to at the time by the defendant.

The motion for new trial was accompanied by an affidavit of appellant in which he set out many reasons why he should be granted a rehearing. We have examined the affidavit and do not find in it any facts new or different from those contained in the statement of facts. These matters were considered by the trial judge, and we agree with him that the motion for new trial should be denied.

We find no error, and, therefore, affirm the interlocutory order of the court.