[No. 30990. Department Two. October 18, 1949.]

BERNICE O. TRAVERSO, *Appellant*, v. JOHN J. TRAVERSO, *Respondent.*[1]

HAMLEY, J., dissents in part.

*Howard J. Thompson*, for appellant.
*Bell, McNeil & Bowles*, for respondent.

SIMPSON, C. J.—The superior court entered its interlocutory order granting a divorce to plaintiff and defendant. Plaintiff, in her appeal, attacks the portion of the order which dictates the selling of the home belonging to the

[1] Reported in 210 P. (2d) 410.

parties and a charge against its selling price in favor of defendant.

Appellant did not file a statement of facts. The failure to file a statement of facts limits our consideration to the single question of whether the findings of fact support the judgment; and, in this connection, it will be conclusively presumed that the facts found by the trial court are correct. *Bennett v. McKellips*, 8 Wn. (2d) 176, 111 P. (2d) 558.

The custody of two minor children was given to appellant. However, respondent was granted the right of visitation, and the right to have the children with him on certain hours of Tuesday and Thursday of each week, and on Saturday and Sunday of every other week. In addition, respondent was given the right to have custody for a period of six weeks, commencing with the month of July of each year.

The court found that: the community property consisted of the family home, a truck of the value of one hundred dollars, a De Soto sedan of the value of one thousand dollars, and a bank account of $875; the community debts totaled $355.53. The court also found that the family home should be disposed of by sale.

In the interlocutory order, the court stated that the truck should go to respondent, and the De Soto sedan to appellant. The arrangement for the sale of the home provided that appellant should have a six months' period in which to purchase the respondent's half interest by paying to him one half of the appraised value of the property plus nine hundred dollars, which latter sum was considered the difference between the value of the truck and the sedan. In the event the appellant did not purchase the home, then the respondent had the right to purchase the half interest owned by appellant, less the sum of nine hundred dollars. It was further provided that if neither party purchased from the other, the property should be sold to a third party and the proceeds divided as above indicated.

It is appellant's contention that the court should have given the real property to the appellant so that she

would have a home in which to care for her children. Her counsel cites as authority *Anderson v. Anderson*, 31 Wn. (2d) 79, 195 P. (2d) 642, and *Brady v. Brady*, 32 Wn. (2d) 367, 201 P. (2d) 695. In those cases, this court decided upon the record that the homes should be awarded to the mothers having the custody of the minor children. However, in those cases, we had before us the statement of facts which clearly indicated the exact situation in which the parties found themselves. In the case at bar, we have no information concerning the facts which induced the superior court to make its findings. Therefore, we cannot say that the court committed error in its disposition of the home.

■ The same reasoning applies to the objection that the court should not have allowed respondent the credit for the value of the automobile awarded to appellant. To decide in favor of appellant, we would be compelled to decide as a matter of law that she should be awarded the home and the car free from credits to respondent. That we cannot do.

We hold that the interlocutory decree of divorce was supported by the findings. Order affirmed.

ROBINSON, MALLERY, and HILL, JJ., concur.

HAMLEY, J. (dissenting in part)—The appellant does not contend that the home and car should be awarded to her free from credits to respondent, but that such credit allowance should have been four hundred fifty dollars instead of nine hundred dollars.

The interlocutory order awarded to the appellant the automobile valued in the findings of fact at one thousand dollars, and to the respondent the truck valued at one hundred dollars. The order then gives the respondent a nine-hundred-dollar credit allowance in connection with the sale of the family home, and recites that this allowance is "an adjustment between the value of the automobile given the plaintiff and the pick-up truck given to the defendant."

It seems to me that the findings of fact support a credit allowance of four hundred fifty dollars, but not a credit allowance of nine hundred dollars. The "adjustment" pro-

vided in the interlocutory order and affirmed by this court, gives the respondent one thousand dollars in value, and the appellant one hundred dollars in value. This, of course, merely reverses the original distribution of value pertaining to the vehicles, and is not an adjustment at all.

In view of the affirmance of the interlocutory order, this apparent mathematical error cannot be corrected by the trial court on motion to vacate or otherwise modify the order, without this court first granting leave for the appellant to apply to the trial court for such relief. *In re Shilshole Avenue*, 101 Wash. 136, 172 Pac. 338. I would accordingly modify the interlocutory order with respect to this credit allowance, fixing the allowance at four hundred fifty dollars, or, on our motion, grant leave to appellant to apply to the trial court for such relief.

November 28, 1949. Petition for rehearing denied.